IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERNARD GUINARD and JOEL LUNA individually and for others similarly situated, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § § | Case No. 3:24-cv-00101-K |
| CARDINAL FINANCIAL COMPANY, L.P., | § § § | |
| *Defendant.* | § § | |

<u>**PLAINTIFFS' FIRST AMENDED COMPLAINT**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs Bernard Guinard and Joel Luna (hereinafter collectively "Plaintiffs"), on behalf of themselves and others similarly situated, and file their First Amended Complaint (hereinafter "this Complaint") and bring this action as a class action, complaining of Defendant Cardinal Financial Company, L.P. (hereinafter collectively "You," "Your," "Yours," or "Defendant") in the above-referenced lawsuit (hereinafter this "Action") and pursuant to the Federal Rules of Civil Procedure (hereinafter the "Rules") show:

<u>**SUMMARY OF ACTION**</u>

1. In accordance with Rule 42 of the Federal Rules of Civil Procedure, Plaintiffs bring this Action, as a class action, on behalf of Plaintiffs and others similarly situated. Plaintiffs sought financial services and other advice from Defendant. Defendant provided these financial services and advice, which concerned whether and when to obtain re-financing of their home mortgages, as well as the terms and structure of that re-financing. Defendant made several

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
R:\9\0960\001 - Cardinal\Pleadings\ 2024-02-09 PET - First Amended Complaint.doc

**1**

representations while rendering this advice to Plaintiffs to make Defendant's services appear to have characteristics that they in fact did not. Among those representations were that, by restructuring their loan, Plaintiffs could "skip" several mortgage payments without incurring additional interest on their loans. Defendant intentionally failed to disclose disclosing the consequences to delaying or deferring such payments (i.e., Defendant led Plaintiffs to believe they would not ultimately pay more in interest on their loans if they elected to "skip" mortgage payments). Defendant made these representations to induce Plaintiffs to utilize additional services offered by Defendant and refinance their mortgages. Defendant knew or should have known that the advice it, its agents, representatives, and employees were rendering was false or misleading. The false and misleading advice given by Defendant to Plaintiffs induced Plaintiffs to enter or modify transactions with Defendant. Defendant was paid for rendering this advice, independently or as a condition of the transactions they induced Plaintiffs to enter. The financial services and advice sought by Plaintiffs was an independent objective of their engagement with Defendants, and the subsequent transactions in which Plaintiffs entered were a direct result of Defendant's false and misleading representations. The transactions in which Defendant engaged with Plaintiffs and the other members of the class shall hereinafter be referred to as the "Transactions."

2. Through their false and misleading representations while rendering financial services, Defendant wrongfully induced Plaintiffs to engage in and complete the Transactions. Defendant's actions violated Texas law because Defendant failed to disclose certain information to Plaintiffs and the members of the class, and in other ways, as described below.

3. This class action lawsuit is filed to recover damages from Defendant because of Defendant's violations of Texas law in connection with the Transactions.

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
R:\9\0960\001 - Cardinal\Pleadings\ 2024-02-09 PET - First Amended Complaint.doc

2

## THE PARTIES

4. Plaintiff Bernard Guinard ("Guinard") is a resident and citizen of Texas. He brings this action individually and on behalf of similarly situated individuals.

5. Plaintiff Joel Luna ("Luna") is a resident and citizen of Texas. He brings this action individually and on behalf of similarly situated individuals.

6. Defendant Cardinal Financial Company L.P. is a Pennsylvania corporation duly qualified to do business in the State of Texas.

## JURISDICTION AND VENUE

7. You committed torts in, and engaged in deceptive trade practices, while doing business in Dallas County, Texas, and in other areas that caused injuries and damages to Plaintiffs and the members of the class. Therefore, jurisdiction and venue are proper in Dallas County, Texas.

8. As a direct and proximate result of Your actions and/or inactions, damages in excess of the minimum jurisdictional requirements of this Court were incurred by Plaintiffs and members of the class. The damages suffered by Plaintiffs and the other members of the class include, but are not limited to, economic damages and damages for mental anguish.

9. Venue of this case is proper in Dallas County, Texas because all or a substantial part of the events and/or omissions giving rise to the claims asserted by Plaintiffs occurred in Dallas County, Texas.

10. All conditions precedent to all relief being sought by Plaintiff(s) in this Action have been met, performed, occurred and/or been waived.

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
R:\9\0960\001 - Cardinal\Pleadings\ 2024-02-09 PET - First Amended Complaint.doc

3

## FACTS

11. In or around November 2021, You provided Plaintiff Bernard Guinard financial services and/or gave financial advice and represented Your services had characteristics which they did not. Your representations were designed to induce Guinard into entering a refinance of the mortgage on the property located at 146 South Crestwood Blvd., Desoto, Texas 75115 ("Guinard Property"). In doing so, Your loan officer assigned to Guinard made oral representations to Guinard that he could skip one or more mortgage payments in connection with the refinance of the Guinard Property but did not disclose that in doing so, Guinard would ultimately pay more in interest payments if he elected to skip payments. You did not otherwise provide relevant and essential information to Guinard regarding the impact or consequences of skipping mortgage payments at any time. Your failure to disclose material information induced Guinard to enter the transaction. Your failure to inform Guinard of the impact or consequences of skipping mortgage payments constitutes false and misleading advice given to induce Guinard to enter his Transaction with You. Guinard would not have entered the transaction had You disclosed this information.

12. In or around June 2021, You provided Plaintiff Joel Luna financial services and/or gave financial advice and represented Your services had characteristics which they did not. Your representations were designed to induce Luna into entering a refinance of the mortgage on the property located at 297 Winchester Street, Tuscola, Texas 79562 ("Luna Property"). In doing so, Your loan officer assigned to Luna made oral representations to Luna that he could skip one or more mortgage payments in connection with the refinance of the Luna Property but did not disclose that in doing so, Luna would ultimately pay more in interest payments if he elected to skip payments. You did not otherwise provide relevant and essential information to Luna

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
R:\9\0960\001 - Cardinal\Pleadings\ 2024-02-09 PET - First Amended Complaint.doc

4

regarding the impact or consequences of skipping mortgage payments at any time. Your failure to disclose material information induced Luna to enter the transaction. Your failure to inform Luna of the impact or consequences of skipping mortgage payments constitutes false and misleading advice given to induce Guinard to enter his Transaction with You. Luna would not have entered the transaction had You disclosed this information.

13. The other members of the class were, and/or are, also homeowners to whom You provided financial services and/or gave financial advice and represented Your services had characteristics which they did not. The representations you made anytime from January 2020 to December 2022 were designed to induce them to enter their Transactions. In rendering such financial services and/or providing financial advice, You and Your agents made oral representations that Plaintiffs and other members of the class could skip one or more mortgage payments in connection with their respective Transactions but failed to disclose and/or provide relevant and essential information to Plaintiffs and other members of the class regarding the impact or consequences of skipping such payments, specifically that in doing so, Plaintiffs and other members would ultimately pay additional interest on the mortgage. Your failure to inform Plaintiffs and other class members of the impact or consequences of skipping mortgage payments constitutes false and misleading advice given to induce them to enter their Transactions with You. Your failure to disclose material information did in fact induce them to enter the transactions, which they would not have entered had You disclosed the information.

### FIRST CAUSE OF ACTION: DTPA VIOLATION

14. Pursuant to Texas state law, a cause of action is pled against You for violation for the Deceptive Trade Practices Act, Tex. Bus. & Com. Code art. §§ 17.41-17.63 et seq. (hereinafter "DTPA"). The allegations contained in all the paragraphs of this Pleading are hereby

reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

15. By virtue of seeking to acquire and/or purchase goods or services from You, in connection with the Transactions, Plaintiffs, and the other members of the class, were consumers covered by the DTPA. By reason of the facts set forth herein, You directly and indirectly violated the provisions of the DTPA.

16. By misrepresenting the characteristics of Your services and failing to disclose the impact and/or consequences of skipping, delaying or otherwise deferring mortgage payments, You misrepresented skipping payments as a money-saving feature and therefore represented that the goods or services provided by You regarding the Transactions had sponsorship, approval, characteristics, uses, benefits, or qualities which they do not have, in violation of § 17.46(b)(5) of the DTPA.

17. By failing to disclose the impact and/or consequences of skipping, delaying or otherwise deferring mortgage payments, You misrepresented skipping payments as a money-saving feature and therefore represented that the agreements for the Transactions confer or involve rights, remedies, or obligations which it did not have or involve in violation of § 17.46(b)(12) of the DTPA.

18. You failed to disclose information concerning goods or services which you knew at the time of the Transactions, specifically the impact and/or consequences of skipping, delaying or otherwise deferring mortgage payments, and such failure to disclose the information was intended to induce Plaintiffs and the other members of the class to enter transactions which said individuals would not have entered had the information been disclosed. This conduct on Your part violated § 17.46(b)(24) of the DTPA.

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
R:\9\0960\001 - Cardinal\Pleadings\ 2024-02-09 PET - First Amended Complaint.doc

6

19. By failing to disclose to consumers--the Plaintiffs and other members of the class--the consequences of delaying, deferring and/or skipping mortgage payments in connection with the Transactions, You engaged in unconscionable actions and/or a course of action, in violation of § 17.50(a)(3) of the DTPA.

20. Plaintiffs and the other members of the class detrimentally relied on the above-described actions, inactions, and failure to disclose information of You or Your agents. Said actions were a producing cause of damages to Plaintiffs and the other members of the class, including economic damages and/or mental anguish damages.

21. As a producing, direct, and proximate result of the representations made by You and/or Your agents, and the failure of You and/or Your agents to disclose and provide important information regarding to the Transactions, Plaintiffs and the members of the class suffered damages in excess of the minimum jurisdictional requirements of this Court.

22. Furthermore, in accordance with § 17.50(b) of the DTPA, Plaintiffs maintain and aver that Your conduct, actions, inactions, and failure to disclose was committed knowingly and/or intentionally, such that Plaintiffs and the members of the class are entitled to recover additional damages as set forth in § 17.50(b).

23. Because of the above-described violations of the DTPA, Plaintiffs had to retain attorneys to prosecute this Action and agreed to pay the retained attorneys a reasonable fee. Plaintiffs are entitled to recover attorneys' fees in accordance with § 17.50(d) of the DTPA. Pursuant to Texas Civil Practice & Remedies Code §§ 38.000-38.006, et seq., Plaintiffs gave You proper notice of this claim for attorneys' fees.

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
R:\9\0960\001 - Cardinal\Pleadings\ 2024-02-09 PET - First Amended Complaint.doc

7

## SECOND CAUSE OF ACTION: NEGLIGENCE

24. Pursuant to Texas state law, a cause of action is pled against You for negligence. The allegations contained in all the paragraphs of this Pleading are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

25. You owed a duty to Plaintiffs and the other members of the class to exercise reasonably prudent and ordinary care in connection with the Transactions. You violated this duty by negligently encouraging and soliciting Plaintiffs and the other members of the class to enter the Transactions and by failing to disclose to the Plaintiffs and the other members of the class relevant and important information relative to the Transactions. Said conduct, actions, and inactions were negligent in that You failed to act as a reasonably prudent person would have under the same or similar circumstances, including, but not limited to, failing to make disclosures regarding the impact on Plaintiffs and the other class members of skipping/delaying/deferring one or more payments to induce Plaintiffs to enter the Transactions.

26. Each of the acts, inactions, omissions, and/or failures to disclose by You regarding the Transactions, were a direct and proximate cause of the damages suffered by Plaintiffs and the other members of the class; such damages incurred by Plaintiffs are in excess of the minimum jurisdictional requirements of this Court.

## THIRD CAUSE OF ACTION: GROSS NEGLIGENCE

27. Pursuant to Texas state law, a cause of action is pled against You for gross negligence. The allegations contained in all the paragraphs of this Pleading are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
R:\9\0960\001 - Cardinal\Pleadings\ 2024-02-09 PET - First Amended Complaint.doc

**8**

28. You owed a duty to Plaintiffs and the other members of the class to exercise reasonably prudent and ordinary care in connection with the Transactions. You violated this duty by willfully, wantonly, and/or recklessly encouraging and soliciting Plaintiffs and the other members of the class to enter the Transactions and by failing to disclose to Plaintiffs and the other members of the class relevant and important information regarding the Transactions. Said conduct, actions, and inactions were willful and/or grossly negligent in that You failed to act, including, but not limited to, failing to make disclosures regarding the impact on Plaintiffs and the other class members of skipping/delaying/deferring one or more payments in connection with the Transactions.

29. Clear and convincing evidence proves that You proceeded with this course of conduct and/or inaction, and/or failed to disclose information regarding the Transactions, with complete knowledge of the adverse impact and serious danger such actions, inactions, and failure to disclose information would have on Plaintiffs and the other members of the class. You acted with an entire want of care, indicating a conscious indifference to the rights or welfare of Plaintiffs and the other members of the class. Accordingly, Your conduct constituted gross negligence, which proximately caused the damages suffered by Plaintiffs and the other members of the Class. Pursuant to Tex. Civ. Prac. & Rem. Code § 41.003(a)(3), Plaintiffs(s) is entitled to exemplary damages because of Your conduct.

30. As a direct and proximate result of Your gross negligence, Plaintiffs and the other members of the Class have been damaged in excess of the minimum jurisdictional requirements of this Court.

## FOURTH CAUSE OF ACTION:  NEGLIGENT MISREPRESENTATION

31. Pursuant to Texas state law, a cause of action is pled against You for negligent misrepresentation. The allegations contained in all of the paragraphs of this Pleading are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

32. You made promises and representations, and/or failed to provide important and relevant information to Plaintiffs and the other members of the class relative to the Transactions. You made such misrepresentations and/or failed to disclose important and relevant information negligently, without exercising reasonable care to determine their truth or falsity or made them in bad faith. The false statements were made to induce Plaintiffs and the other members of the class to induce them into entering the Transactions.

33. As a direct and proximate result of Your negligent misrepresentations and failure to disclose important and relevant information, Plaintiffs and the other members of the class have been damaged in an amount exceeding the minimum jurisdictional requirements of this Court.

## THIS CLASS ACTION IS PROPER

34. The members of the class described herein are so numerous that joinder of all members is impractical.  Although the exact number of class members is unknown to Plaintiffs currently, it is ascertainable by appropriate discovery, and Plaintiffs believe that the class includes over one-hundred thousand members. The identity and location of class members may be identified from the records maintained and possessed by the Defendant or its representatives.

35. There are common questions of law or fact affecting the class. The Transactions involving Plaintiffs and the other members of the class are similar and the violations of Texas law by Defendant relative to those transactions are similar, if not identical, in many respects.

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
R:\9\0960\001 - Cardinal\Pleadings\ 2024-02-09 PET - First Amended Complaint.doc

**10**

36. The claims of Plaintiffs are typical of claims of the rest of the class in that Plaintiffs and all members of the class sustained damages arising out of the Defendant's conduct regarding the Transactions.

37. Plaintiffs will fairly and adequately represent the interest of the class because:

    (i) Plaintiffs are a member of the proposed class;

    (ii) Plaintiffs have expressed interest in representing the class;

    (iii) The class representative is willing to pay the cost of notice and litigation;

    (iv) The class representative has no interest adverse to other members of the class; and

    (v) The class representative has suffered the same harm as the other members of the class.

Proposed class counsel is adequate. The undersigned attorneys request appointment as class counsel because of their extensive experience handling class action matters. Specifically, Mr. Dunn has litigated matters in thirty-three states nationwide and handled numerous class actions/MDL on both sides of the docket. Dunn's class actions, mass actions, and collective actions also provide multi-disciplinary experience. Mr. Dunn has handled class actions involving misleading homeowners with regard to refinancing mortgages, over time and other wage and hour claims, and change in control benefits, overbilling consumers with inappropriate tax charges, asbestos exposure, and workers' compensation insurance carriers' failure to notify workers of the hazards of asbestos.

Additionally, Mr. Pennetti has represented numerous global corporations in complex litigation involving consumers in state and federal courts throughout the country, including in several consumer class actions in 2022. Mr. Pennetti has litigated numerous matters under a variety of consumer protection statutes, including Texas's Deceptive Trade Practices Act. Mr.

Pennetti has also litigated several matters involving complex transactions, including financial transactions, where more than $10 million were in dispute.

Mr. Gizer and his firm have served as lead counsel in at least 20 class action matters. While the substantial majority of these cases have been as lead counsel for the defense, including, but not limited to, *Monzon v. Western Union*, (Los Angeles Superior Court 21STCV09361), *Johnson v. Sun West Mortgage Company, Inc.* (Los Angeles Superior Court BC541571) and *Ruiz v. Unix Packaging, LLC* (Los Angeles Superior Court 21STCV15971), Mr. Gizer was lead counsel for Plaintiffs in *Karl Risinger v. SOC, LLC* in the U.S. District Court, District of Nevada; 2:12-cv-00063-MMD-PAL. In sum, counsel's extensive prior experience and knowledge of applicable law make them well suited to represent the interests of the class fairly and adequately, as required by Fed. R. Civ. P. 42(g).

## MISCELLANEOUS

38. The right to plead any and all claims, causes of action and/or theories in the alternative is invoked and all claims, causes of action, and/or theories of recovery are hereby plead, in the alternative, to the extent necessary.

39. The right to bring additional causes of action against and to amend this Action as necessary is hereby specifically reserved.

40. Notice is hereby given that Plaintiffs intend to use all documents produced in this Action in any pre-trial proceeding or trial. All conditions precedent to all relief in this Action have been met, performed, occurred and/or waived.

## JURY DEMAND

41. Demand is hereby made for this Court empanel a lawful jury to hear this case.

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
R:\9\0960\001 - Cardinal\Pleadings\ 2024-02-09 PET - First Amended Complaint.doc

**12**

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Prayer is hereby made that Defendant Cardinal Financial Company, L.P. be cited to appear and to answer herein and that upon final hearing, this Court enter judgment in favor of Plaintiffs and the other members of the class, against Defendants, jointly and severally, in an amount in excess of the minimum jurisdictional requirements of this Court, for compensatory damages, additional damages as permitted under the Texas DTPA, punitive damages, reasonable attorneys' fees, reasonable paralegal fees, costs of court and pre- and post-judgment interest at the highest rate allowed by law, and for such other and further relief, general or special, at law or in equity, to which Plaintiffs and the members of the class may be justly entitled.

DATED: February 9, 2024                Respectfully submitted,

_/s/ Alexander J. Pennetti_____
**ROGGE DUNN**
State Bar No. 06249500
Email: dunn@trialtested.com
**EARL S. NESBITT**
State Bar No. 14916900
Email: nesbitt@roggedunngroup.com
**ALEX PENNETTI**
State Bar No. 21440208
Email: penetti@roggedunngroup.com

**ROGGE DUNN GROUP, PC**
500 N. Akard Street
Suite 1900
Dallas, Texas 75201
Telephone: (214) 888-5000
Facsimile: (214) 220-3833

and

**SCOTT GIZER**
—*Pro Hac Vice*
Email: sgizer@earlysullivan.com

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
R:\9\0960\001 - Cardinal\Pleadings\ 2024-02-09 PET - First Amended Complaint.doc

13

**EARLY SULLIVAN WRIGHT GIZER & MCRAE, LLP**
6420 Wilshire Blvd.
17th Floor
Los Angeles, CA 90048

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the above and foregoing instrument was served on the Parties' counsel of record pursuant to the Rules, on this __9th__ day of __February__, 20 _24_, addressed as follows:

| | |
|---|---|
| Jamil N. Alibhai<br>Greg C. Noschese<br>Caitlin W. Roberts<br>Munsch Hardt Kopf & Harr, P.C.<br>500 N. Akard Street, Suite 4000<br>Dallas, TX 75201 | ☑ **VIA ECF / PORTAL**<br>☐ **VIA OVERNIGHT DELIVERY**<br>☐ **VIA HAND-DELIVERY**<br>☐ **VIA FIRST CLASS MAIL**<br>☐ **VIA FAX:**<br>☐ **VIA EMAIL:** JALIBHAI@MUNSCH.COM<br>GNOSCHESE@MUNSCH.COM<br>CROBERTS@MUNSCH.COM<br>☐ **VIA CMRRR:** |

_/s/ Alexander J. Pennetti_
Alexander J. Pennetti

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
R:\9\0960\001 - Cardinal\Pleadings\ 2024-02-09 PET - First Amended Complaint.doc

**14**